## THE QUEEN *vs.* AH LUM.

### EXCEPTIONS.

HEARING, DECEMBER 24, 1891. DECISION, JANUARY 23, 1892.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The defendant pleaded guilty in the Police Court of Honolulu, to a charge of assault with a weapon obviously and imminently dangerous to life, to wit, a pistol, on Julia Kauhane. He was sentenced to pay a fine of $200 and to imprisonment at hard labor for two years, and appealed to this Court.

Held, that Chapter 7 of the Laws of 1870 conferred jurisdiction upon the Police Court of Honolulu to hear and determine the case.

Held, affirming *Regina vs. Young Quai*, 8 Hawn., 282, that the statute gives the option to the Police Court, in cases of this character, to proceed to judgment or commit for trial.

### OPINION OF THE COURT, BY JUDD, C.J.

We have examined the brief filed by defendant's counsel, and duly considered the case and the opinion rendered thereon by Mr. Justice Dole on the 3d of October, 1891; and we have come to the conclusion that the said opinion ought to be affirmed, and accordingly adopt the same as the opinion of this Court. Exceptions overruled.

### OPINION OF DOLE, J. APPEALED FROM.

The defendant pleaded guilty in the Police Court of Honolulu to a charge of " assault with a weapon obviously and imminently dangerous to life, to wit, a pistol, on Julia Kauhane." He was

sentenced to pay a fine of $200 and to two years' imprisonment at hard labor, and appealed to this Court. His counsel has filed a motion in arrest of judgment on the following grounds, to wit:

1.   The record filed herein does not show that the defendant was charged with any statutory offense.

2.   The Police Court of Honolulu had no jurisdiction in said cause to convict and sentence this defendant.

3.   The charge is not brought under any of the provisions of Chapter 6 of the Act of 1882 and Chapter 10 of the Act of 1880, inasmuch as it does not aver that the act complained of was a felonious assault.

4.   The charge did not aver that the act complained of was "not of a highly aggravated nature," so as to show that the Police Court had jurisdiction, if the charge was otherwise sufficient.

### By the Court.

The course of our legislation covering this kind of assault is as follows : " Whoever shall commit an assault or an assault and battery on another with a knife, sword cane or any other weapon, obviously and imminently dangerous to life, shall receive fifty lashes on his back, and be fined one hundred dollars; or be fined not to exceed five hundred dollars, and be imprisoned at hard labor not to exceed five years." Penal Code, Chapter 9, Section 8. The jurisdiction to try this class of cases was extended to the Police Courts of Honolulu, Hilo and La haina under restrictions in 1870. The Act was entitled, " To enlarge the jurisdiction of the Police Courts in certain cases of aggravated assault," and is as follows : " Section 1. The several Police Courts of Honolulu, Hilo and Lahaina shall have concurrent jurisdiction with the Supreme Court and Circuit Courts, of all cases of assault with knives, sword canes and other weapons, obviously and imminently dangerous to life, except as is hereinafter provided. Section   2.   In cases where the offense is not of a highly aggravated character, the said Police Courts may punish the offender by fine not exceeding two hundred dollars, and by imprisonment not exceeding two years; but in cases

where such punishment would be inadequate, the offender shall be committed for trial according to existing provisions of law." Laws of 1870, Chapter 7. By an Act passed in 1880, the Legislature probably intended to extend the jurisdiction conferred on the Police Courts of Honolulu, Hilo and Lahaina by the Act of 1870, to all other Police Courts and all District Courts, but unfortunately blundered in describing the offense as "felonious assault by knife, sword, sword-cane or other dangerous weapon injurious to life." This description of the offense forms the basis of the three first grounds of the motion. The defendant's counsel argues that, whereas the offense charged is "assault with a weapon obviously and imminently dangerous to life," and the offense defined in the latter statute is "felonious assault by knife, sword, sword-cane or other dangerous weapon injurious to life," no statutory offense is charged, the earlier definition, which is followed in the charge, being repealed by the statute of 1880.

I do not find that the description of the offense given in the Act of 1870, which follows that in the Penal Code, is repealed or amended by the statute of 1880. The first Section of this statute is : " A like jurisdiction with that conferred upon the Supreme and Circuit Courts and Police Courts of Honolulu, Hilo and Lahaina, is hereby conferred upon all Police and District Courts of this Kingdom in all cases of felonious assault by knife, sword, sword-cane or other dangerous weapon injurious to life," etc. It was undoubtedly the intention of the Legislature by this Act to confer upon the Police Court of Wailuku, which was the only other Police Court then existing, and all Police Courts to be created in the future and all District Courts, the powers in cases of assault, which had already been conferred on the Police Courts of Honolulu, Hilo and Lahaina, but through careless drafting the description of the offense was changed. However this different description may affect the practice in the other Police Courts and the District Courts, it does not affect that of the Police Courts of Honolulu, Hilo and Lahaina, which are still subject to the statement of the Act of 1870.

I therefore find that the charge in this case is a statutory offense; that the Police Court of Honolulu, being one of the police

courts named in the Act of 1870, had jurisdiction to convict and sentence the defendant, and I therefore overrule the first and second grounds of the motion.

Under the foregoing construction of the statute, the third ground of the motion is fully answered and shown to be inapplicable to the case at bar.

In regard to the fourth ground, a similar point was made in the case of *The Queen vs. Young Quai*, July Term, 1891, *Ante*, page 282, in which the charge was the same as in the present case ; but the Lower Court had committed the prisoner for trial, and the Court said, referring to the second section of the statute : "It is thus made optional with the lower court either to take jurisdiction and to proceed to judgment, if it finds the offense to be not of a highly aggravated character, or to commit forthwith if it finds the offense to be of such a character that the punishment it is authorized to inflict would be inadequate." This ruling correctly states the meaning of the statute, which clearly places within the lower court the discretion of treating such a case as within its jurisdiction or as one for committal, and gives no support to the defendant's proposition, that such discretion is in the prosecuting officer.

*Attorney-General Whiting*, for the Crown.

*A. S. Hartwell*, for defendant.